**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**EVAN ANDREW NORRIS** **PETITIONER**
***Reg #34859-001***

**V.** **CASE NO. 2:25-cv-00245-BSM-JTK**

**DOE** **RESPONDENT**
***Warden, Forrest City Low***

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

## I. Introduction

Evan Norris, an inmate in the Federal Correctional Institution of the Bureau of Prisons ("BOP"), has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) In the petition, Mr. Norris contends that the BOP failed to apply jail credits to his time served. *Id.*

## II. Discussion

On February 27, 2026, this Court directed Mr. Norris to file a request to proceed *in forma pauperis* or pay the $5.00 filing fee within thirty days. (Doc. No. 4) That Order also warned Mr. Norris that his failure to comply would result in the recommended dismissal of his petition. *Id.*

More than 30 days have passed, and Mr. Norris has not filed anything with the Court or otherwise responded to the Order. Under these circumstances, the Court concludes that the petition should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2), and for failure to respond to the Court's Order. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

## III. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Norris has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Norris has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## IV. Conclusion

For the reasons set forth above, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed without prejudice.

DATED THIS 17th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE